# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CLARKE'S ALLIED, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:12-CV-00079 |
| | § | |
| RAIL SOURCE FUEL, LLC, and VICKY SHADE, | § | Cass County Texas |
| | § | Cause No. 12-C-0034 |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Clarke's Allied, Inc.'s ("Clarke's Allied") Motion to Compel Mediation and Arbitration and Motion to Abate, filed March 19, 2012 (Dkt. No. 6) ("Motion"). The Court having considered the same finds that the Motion should be **GRANTED** for the reasons set forth below.

### I. Factual and Procedural Background

Clarke's Allied and Defendants Rail Source Fuel LLC ("Rail Source") entered into a contract for Clarke's Allied to provide labor, materials, and work for improvements to certain property in which Rail Source is the purported owner of a leasehold interest (the "Agreement"). (Dkt. No. 6 ¶ 1.) The Agreement contains a choice-of-law provision and a mediation and arbitration provision, which read, in full, as follows:

> **13. Governing Law and Venue**
>
> Oregon law shall govern this Agreement and all rights, obligations and disputes arising out of this Agreement.
>
> **14. Mediation and Arbitration**
>
> 14.1 If any dispute arises between the parties, the parties shall first mediate their dispute, utilizing American Arbitration Association ("AAA"). The

> parties shall attempt to settle on a mediator, but if they fail to do so, shall accept a mediator chosen by AAA. The mediation shall take place as soon as reasonably possible in Kansas, at a location agreeable to all parties. Parties may attend by video. Costs shall be split equally between the parties.
>
> 14.2   If the mediation is unsuccessful, either party may request arbitration and appoint an arbitrator selector. The other party shall also choose an arbitrator selector, and the two arbitrator selectors shall choose an arbitrator. If the choice of the arbitrator is not made within 10 days of the choosing of the first arbitrator selector, then either party may apply to AAA to appoint the required arbitrator.
>
> 14.3   The arbitrator chosen as provided by Section 14.2 shall proceed according to AAA Rules governing arbitration, and the award of the arbitrators shall have the effect therein provided. The arbitration shall take place where the mandatory mediation occurred. Parties may attend by video.

(Dkt. No. 6, Ex. A, ¶¶ 13, 14.)

Defendant Vicky Shade ("Shade" and, collectively with Rail Source, "Defendants") is a member of Rail Source and personally guaranteed performance of all conditions and terms of the Agreement. (Id. ¶ 2.) Clarke's Allied alleges that it performed its obligations under the Agreement with Rail Source and that Rail Source owes Clarke's Allied $155,500.41 for such performance, but that Rail Source has breached the Agreement because it has not paid Clarke's Allied the amount demanded. (Id. ¶¶ 3, 4.)

In January 2012, Clarke's Allied filed a Mechanic's Lien for payment against the property at issue. Subsequent to its Mechanic's Lien, Clarke's Allied filed a Petition asserting its claims against Defendants in the 5th Judicial District Court of Cass County, Texas, Cause No. 12-C-034. (Id. ¶ 5; Dkt. No. 11 at 1-2.) On February 17, 2012, Defendants removed that proceeding to this Court. Defendants then filed an Answer and Counterclaims asserting fraudulent misrepresentation, negligent misrepresentation, breach of contract, negligence, breach of implied warranty, and breach of express warranty. (Dkt. No. 11 at 1-2.) Clarke's Allied now moves to the Court to compel mediation and arbitration of the above-styled case pursuant to the

Agreement and further requests that the above-styled case be abated pending completion of mediation and arbitration.

## II. Analysis

Courts perform a two-step inquiry to determine whether to compel a party to arbitrate. *Dealer Computer Servs. v. Old Colony Motors, Inc.*, 588 F.3d 884, 886 (5th Cir. 2009). First, the court must determine whether the parties agreed to arbitrate the dispute. *Id.* Second, the court must determine whether any applicable federal statute or policy renders the claims nonarbitrable. *Id.* With respect to the first inquiry, there are two considerations: whether a valid agreement to arbitrate exists and whether the dispute falls within that agreement. *Id.*

Here, the parties dispute whether they agreed to arbitrate. Clarke's Allied argues that the Agreement expressly provides for mediation and arbitration of all the disputes at issue. To support its position, Clarke's Allied relies upon Paragraphs 14.1 ("If any dispute arises between the parties, the parties shall first mediate their dispute, utilizing American Arbitration Association.") and 14.2 ("If the mediation is unsuccessful, either party may request arbitration . . . ."). Defendants respond that a valid agreement to arbitrate does not exist because the arbitration clause cannot be harmonized with the choice-of-law clause. Specifically, the arbitration clause is unenforceable because the clause is either: (a) ambiguous because "it is patently unclear under what circumstances, if any, Defendants get the benefit of Oregon law" (Dkt. No. 11 at 6), or (b) illusory because the choice-of-law clause and arbitration clause "appear to grant Defendants the rights and benefits of Oregon law but then makes exercise of those rights practically impossible" (*id.*).[1] The Court disagrees.

---

[1] Notably, Defendants do not argue any particular conflict between the substantive rights provided by Oregon law and arbitration under the rules of the American Arbitration Association.

Arbitration agreements are forum-selection provisions; they do not displace substantive rights afforded by a statute or other substantive law. *E.g.*, *Safety Nat'l Cas. Corp. v. Certain Underwriters*, 587 F.3d 714, 721 n.21 (5th Cir. 2009) (citing *Preston v. Ferrer*, 552 U.S. 346, 359 (2008)). Indeed, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral . . . forum." *Preston*, 552 U.S. at 359 (omission in original) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, Inc., 473 U.S. 614, 628 (1985)). Accordingly, the Court finds that the arbitration clause in the Agreement here is neither ambiguous nor illusory. Pursuant to the Agreement, Oregon law governs the substantive rights and obligations of the parties, and those rights are to be enforced through mediation and arbitration. *See also Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 63-64 (1995) (finding that a New York "choice-of-law provision covers the rights and duties of the parties, while the arbitration clause covers arbitration; neither sentence intrudes upon the other").

Because the parties do not dispute whether the contract issues here fall within the Agreement arbitration clause, the first step of the Court's inquiry is met. Further, the parties do not dispute the second step, whether federal statute or policy renders the claims nonarbitrable. Accordingly, the Court finds that the Motion is proper, that a valid mediation and arbitration agreement exists between the parties herein, that the current disputes between the parties fall within the scope of that agreement, and that no federal statute or policy renders the claims nonarbitrable. In this case, a valid agreement to arbitrate exists, as does a valid choice of substantive law. There is no inherent conflict between these clauses. Defendant has not otherwise shown any hidden or latent conflict. Accordingly, both clauses must be given effect.

### III. Conclusion

For the reasons stated herein, the Court finds that the Motion should be and is hereby **GRANTED** in all respects.

The parties are **ORDERED** to mediate and, if the mediation is unsuccessful and either party requests arbitration, arbitrate all of their claims and disputes arising out of and consistent with the terms of the Agreement. The parties should schedule and conduct their mediation within 60 days of this Order.

**IT IS FURTHER ORDERED** that pursuant to 9 U.S.C. § 3 the above-styled case be abated pending the completion of mediation and arbitration pursuant to the Agreement. On or before 120 days from this date the parties are directed to jointly file a notice with the Court advising as their progress in regard to mediation and arbitration of their disputes.

**So ORDERED and SIGNED this 11th day of December, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE